FIRST NATIONAL BANK OF MANKATO v. E. F. BUCHAN.

May 2, 1900.

Nos. 12,007—(75).

### Accommodation Paper Used as Collateral Security—Notice to Pledgee.

One Day was indebted to plaintiff in the sum of $3,500. To secure the payment thereof, he delivered to it, as collateral security, a promissory note of defendant in the sum of $500. Said note was made and delivered by defendant to Day without consideration, as an accommodation to him, and for the purpose of being used as such collateral security. The plaintiff received such note in good faith, and without notice that it was an accommodation note. *Held* that, if plaintiff subsequently received notice that the note was accommodation paper, it could not thereafter become a purchaser thereof, and enforce the same against defendant, to any greater extent than it could have done had it continued to hold it as collateral security.

### Same—Purchase by Pledgee.

If the plaintiff became such purchaser after it received notice of the character of the note, it can recover thereon no greater sum than remained due on the secured indebtedness at the time of such purchase.

Action in the district court for Nobles county to recover $500 and interest on a promissory note. The case was tried before P. E. Brown, J., and a jury, which rendered a verdict in favor of plaintiff for $705.54. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*L. F. Lammers* and *Geo. W. Wilson & Son*, for appellant.

Plaintiff has never parted with possession nor changed his position as to ownership, or claim of title, under a different right from that under which the note was taken in the first instance, and is a bona fide owner. Valley v. Jackaway, 80 Iowa, 512. The pledgee of negotiable instruments, properly indorsed and delivered, receiving the same before maturity in good faith and without notice of equities as collateral security for a valid antecedent debt, without more, is a holder for value in the usual course of business. Colebrooke, Col. Sec. § 20; Railroad Co. v. National Bank, 102 U. S. 14, 28; Bank v. Vanderhorst, 32 N. Y. 553. Accommodation paper is

a loan of the maker's credit without restriction as to manner of use, and the maker cannot set up the want of consideration as a defense against it in the hands of a third person, though it be there as collateral security merely. Lord v. Ocean, 20 Pa. St. 384. One who receives an accommodation note as collateral security for an antecedent debt, without other consideration, is holder for value within the rule of protection against antecedent equities. Maitland v. Citizens, 40 Md. 540; Grocers v. Penfield, 69 N. Y. 502.

One who makes or indorses a note to be used in a particular way takes a risk of it being used in another way or for another purpose, and is answerable thereon to any bona fide holder into whose hands it may come. Sweetser v. French, 2 Cush. (Mass.) 309; Fearing v. Clark, 16 Gray, 74; Merchants v. Comstock, 55 N. Y. 24; Park v. Watson, 42 N. Y. 490; 1 Daniel, Neg. Inst. §§ 824, 827, 832; Mayer v. Heidelbach, 123 N. Y. 332. Where the pre-existing debt is actually and absolutely extinguished in consideration of the negotiable paper transferred, the transferee is protected against prior equities. Railroad Co. v. National Bank, supra; 1 Daniel, Neg. Inst. §§ 831, 832. Even though there were a diversion from the original purpose for which the note was intended, by the taking of renewal notes, plaintiff would still be protected as a bona fide holder from the fact that it never received notice of the character of the transaction between Day and Buchan until after such renewals. See Colebrooke, Col. Sec. §§ 27–36; Spencer v. Ballou, 18 N. Y. 327; Park v. Watson, supra. Plaintiff was not bound to make inquiries, and mere negligence, however gross, not amounting to wilful and fraudulent blindness, while it may be evidence of mala fides, is not the same thing. Goodman v. Harvey, 4 Ad. & E. 870; Uther v. Rich, 10 Ad. & E. 784; Commercial v. First National, 30 Md. 11; Thatcher v. West River, 19 Mich. 196, 202.

*Daniel Rohrer*, for respondent.

BROWN, J.

This is an action to recover upon a promissory note. Plaintiff had a verdict in the court below, which was set aside on defendant's motion, and plaintiff appeals from the order.

The facts are briefly as follows: One Day was doing business at

Worthington, this state, as a banker, under the name of "Farmers' & Citizens' Bank." He became indebted to the plaintiff in the sum of $3,500, which was about to mature, and to secure an extension of the time of payment thereof Day procured from defendant the note upon which this action is brought, and turned it over to said plaintiff as collateral security. The note in suit was given to Day by defendant wholly without consideration, and as an accommodation to said Day, for the purpose of being used to obtain the said extension. Plaintiff received and accepted the note without notice of the fact that it was an accommodation note, and extended the time of the payment of the Day note. Subsequent to this transaction, Day became further indebted to plaintiff, the total amount of which was something like $8,000 on June 1, 1898, and had delivered to it other notes as security for its payment. On the day just named the parties entered into an agreement, by the terms of which Day transferred to plaintiff certain real estate, and relinquished all claims to the collaterals held by plaintiff, including the note in suit, and in fact transferred the title to such collaterals to plaintiff, in consideration of the surrender to Day of all obligations held against him by plaintiff. Plaintiff's ownership of the note in suit is based on this agreement and transfer.

1. There is evidence in the case tending to show that, prior to this transaction, plaintiff was notified and became aware of the character of the note in suit, and that it was given without consideration, and was accommodation paper. In the view we take of the case, the question whether the plaintiff knew, at the time of making the contract and agreement by which it became the owner of the note in suit, that such note was an accommodation note, is of controlling importance. If, at the time such agreement was made, the plaintiff had notice of the fact that the note was accommodation paper, it had no right to change its relation thereto, or to make any new contract with Day with reference to it, which would in any way injuriously affect the interests or rights of defendant. It could not, after having acquired such notice, by any new contract or agreement with Day place defendant in any worse position than he was in before. And the plaintiff cannot, if it had such notice, enforce the note against defendant under the new agreement to

any greater extent than it could have done had it continued to hold it as collateral security. If the plaintiff had no such notice at the time of the final settlement with Day, then it may recover the full face of the note, with interest. Therefore whether plaintiff had such notice is of prime importance with respect to the question what, if anything, the plaintiff is entitled to recover. The evidence on this subject made a case for the jury, and it should have been submitted to them. The court below was right in granting a new trial.

2. The same rule must also apply to defendant's counterclaim, so far as applicable to the facts. And, in view of another trial of the action, we may say, further, with reference to such counterclaim, that, if defendant's right to a return of the $1,100 note and mortgage has accrued, because they have fulfilled the office for which they were delivered to plaintiff, or for any other reason, and plaintiff has wrongfully refused to return them knowing that defendant is the real owner thereof, defendant would be entitled to recover their value as damages. If plaintiff still has the right to hold and retain them, either by virtue of the contract under which they were originally delivered to it, or because it became a good-faith purchaser thereof under the contract made with Day on June 1, defendant cannot recover upon his counterclaim, because, if such be the fact, the note and mortgage do not belong to him. We may also say that, under the evidence shown in the record, defendant is not entitled to recover upon his counterclaim. It does not appear, even conceding that he is entitled to a return of the note and mortgage, that he has been in any way damaged by the failure of plaintiff to take proceedings looking to their collection, and, as we understand it, the plaintiff's alleged failure in this respect is the basis of his asserted right to damages. It does not appear that the mortgaged property is insufficient to pay the mortgage debt. Further comment on the evidence or questions likely to arise on another trial of the case is unnecessary.

With this brief statement of the rules which we think must con-

trol the issues and final result, we return the cause to the court below for another trial.

Order affirmed.